NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-852

CARE AND PROTECTION OF DOR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The father appeals from an order issued by a Juvenile Court judge in the context of a permanency hearing pursuant to G. L. c. 119, § 29B, that in part determined that the Department of Children and Families (department) had made reasonable efforts to reunify the father with his child, pursuant to G. L. c. 119, § 29C.[1] We affirm.

---

[1] We note that this appeal comes to us in a highly unusual procedural posture. Both parents initially appealed from the judge's decision after the permanency hearing pursuant to G. L. c. 119, § 29B (e), but the mother has since filed a motion to dismiss her appeal and the father has moved to dismiss "Count I" of his appeal, which is the argument that pertains to the judge's determination regarding the permanency plan. We allow both motions to dismiss. Thus, the only issue that remains before us is the father's challenge to the judge's reasonable efforts finding. The mechanism for obtaining appellate review of a reasonable efforts finding is ordinarily through a petition for interlocutory relief under G. L. c. 231, § 118, see Care and Protection of Walt, 478 Mass. 212, 218 (2017), which can be heard expeditiously by a single justice of this court based on current facts. The procedural posture of this case has led us

1. Background. Dor was born in August 2018. On May 29, 2019, the department filed the underlying G. L. c. 119, § 24 petition in the juvenile court, and temporary custody of Dor was transferred to the department. On March 10, 2020, the department filed a permanency plan pursuant to G. L. c. 119, § 29B. On April 23, 2020, a judge held the permanency hearing and entered an order approving the goal of reunification. Later in 2020, the Department changed Dor's permanency goal to adoption. In April 2023, the father was convicted of sexually abusing Dor's half-sister and was expected to remain incarcerated for the next seven years.

On May 8, 2023, the mother stipulated to a finding of parental unfitness. In June 2023, a second judge (trial judge) presided over a trial at which the department sought to terminate the father's parental rights. After trial, the trial judge found that the department proved the father's unfitness but declined to terminate the father's parental rights because she concluded that the department had not made reasonable efforts to engage the father with Dor. The trial judge found Dor in need of care and protection and committed him to the permanent custody of the department.

---

to consider the reasonable efforts question after a far longer passage of time.

2

On March 25, 2024, the department filed a permanency plan, and the parents filed written objections to the department's proposed goal of adoption and requested an evidentiary hearing. On May 10, 2024, a third judge (hearing judge) held the permanency hearing. On July 15, 2024, the hearing judge issued findings of fact and conclusions of law, concluding that the department had "made reasonable efforts to encourage the integrity of the family and reunify Dor with Mother and Father" and that it was "in Dor's best interest to have his permanency goal changed to adoption."

We summarize the hearing judge's findings of fact, which the parties do not dispute. Dor has special needs and a speech delay, and there are concerns that he may have autism spectrum disorder. The hearing judge's determination of reasonable efforts covered the period between June 2023 and May 2024.[2] Since June 2023, the father had visits with Dor in August, September, and November 2023. The department tried to schedule a visit in April 2024, but the visit did not take place because the father was being transferred between facilities. The department rescheduled a visit in May 2024 because the father

_____

[2] The father contends that the period of review should start from April 2020, when the last permanency hearing took place. Because the trial judge found that the department had not made reasonable efforts to reunify the father and the child in June 2023, we begin our period of review from that date.

was in "lockup" following an altercation with another prisoner and would have been shackled during the visit. The department had scheduled another visit to take place after the permanency hearing.

2. Discussion. The father argues that the hearing judge erred in finding that the department made reasonable efforts to reunify him with Dor.[3] We are not persuaded.

"When a child is removed from his or her home and placed into the custody of the Department of Children and Families, the department is required . . . to make ongoing 'reasonable efforts' to make it possible for the child to return safely to his [or her] parent or guardian." Care and Protection of Rashida, 488 Mass. 217, 218 (2021) (Rashida I), S.C., 489 Mass. 128 (2022), quoting G. L. c. 119, § 29C. The father contends that the department failed to provide him with any services to facilitate his reunification with Dor and denied him adequate parenting time. While the department is required to "make all reasonable efforts to work in cooperation with incarcerated

_____

[3] The department and the child argue that G. L. c. 119, § 29C (iv) relieves the department of its obligation to make reasonable efforts to reunify Dor with his father due to the father's conviction for sexually abusing his stepdaughter. Because the parties did not raise this argument at the permanency hearing trial, "it has not been preserved for appellate review we do not consider it." See Adoption of Larry, 434 Mass. 456, 470 (2001). However, nothing prevents the parties from raising it in future proceedings.

4

parents to promote a healthy relationship with their children, and to avoid permanent separation," 110 Code Mass. Regs. § 1.10 (2008), we conclude that the hearing judge did not err in her determination that the department made reasonable efforts considering the circumstances of the case. See Care and Protection of Walt, 478 Mass. 212, 227 (2017) ("What constitutes reasonable efforts . . . must be evaluated in the context of each individual case"). In making a reasonable efforts determination, a judge must consider the contested service, "but it is a more comprehensive review of the entirety of the department's actions in the context of a particular case." Rashida I, 488 Mass. at 229.

Here, at the time of the hearing, the permanency goal for Dor was adoption. The father was incarcerated and was not expected to be released for seven years. Furthermore, the father had not communicated to the department that he wanted to reunify with Dor once he completed his prison sentence. As we have mentioned, between June 2023 and May 2024, the department provided three visits and unsuccessfully attempted to schedule two additional visits. The visit scheduled for April 2024 did not occur because the father was in the process of transferring facilities, and the May 2024 visit did not take place because the father had been involved in a fight and would have been shackled during the visit. Because these facts support the

5

hearing judge's determination that the department made reasonable efforts, we conclude the judge did not abuse her discretion.[4]

We add a few observations on issues that might arise again while Dor remains in the department's custody. The department must make efforts to conduct "regular visitation at the correctional facility," 110 Code Mass. Regs. § 1.10, but "the visitation right is . . . subject to adjustment for temporary, unusual, or extraordinary circumstances, in the reasonable discretion of the department." Thaddeus v. Secretary of the Executive Office of Health & Human Servs., 101 Mass. App. Ct. 413, 422 (2022). See Adoption of Rhona, 57 Mass. App. Ct. 479, 488 (2003), quoting G. L. c. 119, § 35 ("Biological parents are entitled to visitation with their child so long as the visits are not harmful to 'the welfare of the child and the public interest'"). As the father notes, the department has an

_____

[4] Even if we were to agree with the father's contention that the department failed to make reasonable efforts, we are constrained to conclude that we cannot provide any effective relief for any missed visits due to the passage of time. We understand the father to be asking us to order either that the department make up for past visits that were missed or that the department provide him with visits going forward according to a set schedule. But given that the best interests of the child are paramount, any order on visitation must take into consideration the present circumstances of the case, including where the father is confined, where Dor is living, and what effect visitation would have on Dor's current welfare.

6

internal policy stating that child-family visitation should not be less frequent than once a month and the record does not explain in full the deviation from that policy.  Although the policy does not have the force of law, it would be advisable going forward for the department to explain deviations from its own policy and for the judge to make findings on the issue.

<u>So much of the order dated July 15, 2024, related to reasonable efforts to reunify the father and the child is affirmed</u>.

<u>The parents' appeals are otherwise dismissed</u>.

By the Court (Meade, Shin & Tan, JJ.[5]),

Clerk

Entered:  August 7, 2025.

---

[5] The panelists are listed in order of seniority.

7